# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES, LLC, | |
| Plaintiff/Counterclaim Defendant, | C.A. No. 13-353-LPS |
| v. | |
| T-MOBILE USA, INC. | **JURY TRIAL DEMANDED** |
| Defendant/Counterclaim Plaintiff. | |

## T-MOBILE USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant") by and through its counsel of record, hereby files its Answer, Affirmative Defenses, and Counterclaims to the above-referenced Complaint filed by Technology Innovations Associates, LLC ("TIA" or "Plaintiff") on March 1, 2013 (D.I. 1):

### ANSWER TO COMPLAINT

Any allegations of the complaint not specifically admitted are denied.

### PARTIES

1. T-Mobile lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

2. T-Mobile admits that T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. T-Mobile further admits that it has appointed the Corporation Service Company, 2711 Centerville Road, Ste 400, Wilmington, Delaware 19808, as its agent for service of process in Delaware.

## JURISDICTION AND VENUE

3. T-Mobile admits that TIA's Complaint purports to state a cause of action under the patent laws of the United States. T-Mobile admits this Court has subject matter jurisdiction over certain patent claims under 28 U.S.C. §§1331 and 1338(a).

4. T-Mobile admits that T-Mobile USA, Inc. is organized under the laws of Delaware. The remaining allegations of paragraph 4 state conclusions of law to which no response is required.

5. T-Mobile admits that venue in this district may be proper under 28 U.S.C. §§1391(b) and (c) and 1400(b), but denies that it is the most convenient venue for this action.

## COUNT ONE
(INFRINGEMENT OF U.S. PATENT NO. 7,840,619)

6. T-Mobile admits that TIA attaches a document that purports to be a true and correct copy of U.S. Patent No. 7,840,619 (the "'619 patent") to the Complaint as Exhibit A, the face of which shows the title "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources," and an issue date of November 23, 2010. T-Mobile lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and on that basis denies such allegations.

7. T-Mobile lacks knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations.

8. T-Mobile denies each and every allegation of paragraph 8 of the Complaint.

9. T-Mobile denies each and every allegation of paragraph 9 of the Complaint.

10. T-Mobile denies each and every allegation of paragraph 10 of the Complaint.

11. T-Mobile denies each and every allegation of paragraph 11 of the Complaint.

## COUNT TWO
### (INFRINGEMENT OF U.S. PATENT NO. 8,280,932)

12.　T-Mobile admits that TIA attaches a document that purports to be a true and correct copy of U.S. Patent No. 8,280,932 (the "'932 patent") to the Complaint as Exhibit B, the face of which shows the title "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources," and an issue date of October 2, 2012.  T-Mobile lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and on that basis denies such allegations.

13.　T-Mobile lacks knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations.

14.　T-Mobile denies each and every allegation of paragraph 14 of the Complaint.

15.　T-Mobile denies each and every allegation of paragraph 15 of the Complaint.

16.　T-Mobile denies each and every allegation of paragraph 16 of the Complaint.

17.　T-Mobile denies each and every allegation of paragraph 17 of the Complaint.

### PRAYER FOR RELIEF

T-Mobile denies that TIA is entitled to any of the relief requested in its Prayer for Relief or any relief whatsoever.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

1.　The Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE
(PROSECUTION HISTORY ESTOPPEL)

2.　On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

3

### THIRD AFFIRMATIVE DEFENSE
(INVALIDITY OF THE '619 PATENT)

3. On information and belief, each and every claim of the '619 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

### FOURTH AFFIRMATIVE DEFENSE
(INVALIDITY OF THE '932 PATENT)

4. On information and belief, each and every claim of the '932 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

### FIFTH AFFIRMATIVE DEFENSE
(NON-INFRINGEMENT OF THE '619 PATENT)

5. T-Mobile does not infringe any valid claim of the '619 patent, either directly or indirectly, literally, or under the doctrine of equivalents.

### SIXTH AFFIRMATIVE DEFENSE
(NON-INFRINGEMENT OF THE '932 PATENT)

6. T-Mobile does not infringe any valid claim of the '932 patent, either directly or indirectly, literally, or under the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE
(LACHES, WAIVER, ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS,
AND IMPLIED LICENSE)

7. TIA's claims for relief are barred in whole or in part by laches, waiver, estoppel, acquiescence, unclean hands or implied license.

### EIGHTH AFFIRMATIVE DEFENSE
(FAILURE TO PROVIDE NOTICE PURSUANT TO 35 U.S.C. § 287)

8. TIA's ability to recover for any alleged infringement is limited by the failure of TIA and/or its licensees to meet the requirements of 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE
(NO ENTITLEMENT TO INJUNCTIVE RELIEF)

9. To the extent TIA is seeking injunctive relief, it is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for T-Mobile's alleged infringement.

## RESERVATION OF DEFENSES

T-Mobile reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

1. T-Mobile brings these compulsory counterclaims under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to obtain a declaratory judgment that each and every claim of U.S. Patent Nos. 7,840,619 and 8,280,932 is neither valid nor infringed.

## PARTIES

2. Counterclaim-Plaintiff T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

3. On information and belief, Counterclaim-Defendant Technology Innovations Associates, LLC ("TIA") is a Delaware limited liability company with its principal place of business at 21301 S. Tamiami Trail, #320 MS 337, Estero, FL 33928.

## JURISDICTION AND VENUE

4. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has

subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. TIA has consented to personal jurisdiction for this action in this district by filing the Complaint in this action in this Court.

6. To the extent venue of the main action is found to be proper, venue for these counterclaims is also proper in this district pursuant to 28 U.S.C. §1391(b) and (c).

## FACTUAL BACKGROUND

7. TIA has alleged that it is the sole and exclusive licensee of U.S. Patent No. 7,840,619 (the "'619 patent") entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources" and that it holds the exclusive right to enforce patent rights in and to the '619 patent.

8. TIA has alleged that it is the sole and exclusive licensee of U.S. Patent No. 8,280,932 (the "932 patent"), entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources" and that it holds the exclusive right to enforce patent rights in and to the '932 patent.

9. TIA has expressly charged T-Mobile with infringement of the '619 and '932 patents by filing a Complaint in this Court on March 1, 2013 (D.I. 1). T-Mobile has denied these allegations. Thus, for at least these reasons, there exists an actual controversy between TIA and T-Mobile regarding these patents.

## COUNT ONE
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
U.S. PATENT NO. 7,840,619)

10. T-Mobile repeats and incorporates by reference all of the allegations set forth in paragraphs 1-9 above.

11. T-Mobile has not been and is not now infringing any claim of the '619 patent,

6

either directly or indirectly, literally, or under the doctrine of equivalents.

## COUNT TWO
(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,840,619)

12. T-Mobile repeats and incorporates by reference all of the allegations set forth in paragraphs 1-11 above.

13. Each and every claim of the '619 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

## COUNT THREE
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,280,932)

14. T-Mobile repeats and incorporates by reference all of the allegations set forth in paragraphs 1-13 above.

15. T-Mobile has not been and is not now infringing any claim of the '932 patent, either directly or indirectly, literally, or under the doctrine of equivalents.

## COUNT FOUR
(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,280,932)

16. T-Mobile repeats and incorporates by reference all of the allegations set forth in paragraphs 1-15 above.

17. Each and every claim of the '932 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

## DEMAND FOR JURY TRIAL

T-Mobile demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, T-Mobile prays for judgment in its favor and against TIA as follows:

A. Dismissing with prejudice TIA's claims against T-Mobile;

B. Declaring that T-Mobile has not been and is not now infringing any claim of the '619 or '932 patents, either directly or indirectly, literally, or under the doctrine of equivalents;

C. Declaring that each and every claim of the '619 and '932 patents is invalid;

D. Denying TIA's request for damages, costs, interest, injunctive and other relief;

E. Declaring this an "exceptional case" under 35 U.S.C. § 285 and awarding T-Mobile its expenses, costs, and attorneys' fees; and

F. Granting T-Mobile other and further equitable or legal relief as the Court deems just and proper.

OF COUNSEL:

Amr O. Aly
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2304
aaly@mayerbrown.com

Dated: April 25, 2013

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant/Counterclaim Plaintiff T-Mobile USA, Inc.*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and have also served the parties below as noted:

**E-MAIL**

| | |
|---|---|
| Richard D. Kirk | Paul V. Storm |
| Stephen B. Brauerman | Sarah M. Paxson |
| Vanessa Ribeiro Tiradentes | Gardere Wynne Sewell LLP |
| Bayard, P.A. | Thanksgiving Tower, Suite 3000 |
| 222 Delaware Avenue, Suite 900 | 1601 Elm Street |
| P.O. Box 25130 | Dallas, Texas  75201 |
| Wilmington, DE 19899 | pvstorm@gardere.com |
| rkirk@bayardlaw.com | spaxson@gardere.com |
| sbrauerman@bayardlaw.com | |
| vtiradentes@bayardlaw.com | |

                                                                                    */s/ Travis S. Hunter*
                                                                                   Travis S. Hunter (#5350)
                                                                                    hunter@rlf.com